UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID F. BROWN,

                                    Plaintiff,

                                                        **Hon. Hugh B. Scott**

                    v.

                                                        10CV210A

                                                        **Order**

WEST VALLEY ENVIRONMENTAL
SERVICES, LLC, et al.,

                                    Defendants.


This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 8[1]).  While defendants' motions to dismiss (Docket Nos. 10, 16[2]) were pending,

plaintiff submitted his response (Docket Nos. 19, 20), including an Amended Complaint (Docket

No. 20).  The instant matter addressed herein before the Court are the motion to strike that

Amended Complaint by defendants West Valley Environmental Services ("WVES") and David

Pritchard (collectively the "WVES defendants")  (Docket No. 21[3]) and plaintiff's motion for

---

[1]This action was referred to Magistrate Judge McCarthy, Docket No. 5, before his recusal,
Docket No. 7.

[2]Later, defendants West Valley Environmental Services and David Pritchard filed their
motion to dismiss crossclaims, Docket No. 33.  Plaintiff filed his opposition to this motion,
Docket No. 39.

[3]In support of this motion, the WVES defendants submitted their attorney's affidavit,
Docket No. 22; and a memorandum in support of this motion, Docket No. 24, which, in fact, is a
duplication of the reply memorandum in support of their motion to dismiss, compare Docket
No. 23.

leave to amend the Complaint (Docket No. 31[4]).  Responses to the motion to strike were due by July 15, 2010, and the pending motions (described below) then were deemed submitted on July 15, 2010 (Docket No. 26).  Responses to plaintiff's motion for leave to amend were due by August 2, 2010, and the all pending motions then were deemed submitted as of that date (Docket No. 32).  Following the WVES defendants' separate motion to dismiss crossclaims (Docket No. 33), all pending motions were deemed submitted as of August 17, 2010 (Docket No. 36).

As stated above, also pending before the Court are two motions to dismiss the original Complaint; first is the motion of the WVES defendants (Docket No. 10), and next, on May 27, 2010, is the motion of defendants Cattaraugus County Sheriff's Office ("Sheriff's Office"), sergeant Bryan Schwabenbauer, and deputy Richard Love (collectively "County defendants") to dismiss (Docket No. 16).

Given the issues surrounding the amendment of the Complaint, this Court considers first the amendment (either granting leave or striking the filed amendment) and this Court had briefed (see Docket Nos. 15, 18, 30, 32, 36) the issue of the dismissal motions (Docket Nos. 10, 16, 33) (depending upon the disposition of plaintiff's proposed amendment herein, those motions will be addressed in a separate Report & Recommendation) and deferred said motions.

---

[4]In support of this motion, plaintiff submits two affirmations from his attorney, one (affirmed July 16, 2010) with exhibit (the proposed Amended Complaint, identical to the previously filed Docket No. 20), the second (affirmed June 18, 2010); his Memorandum of Law, Docket No. 31 (the same as earlier filed, Docket No. 19), with exhibit (a memorandum of understanding between West Valley Demonstration Project and the Cattaraugus County Sheriff's Office); and his Memorandum of Law opposing defendants' motion to strike and in support of his motion for leave to amend ("Pl. Opp'n & Leave to Amend Memo."), Docket No. 31.
In response, the WVES defendants submitted their memorandum of law in opposition, Docket No. 37.

# BACKGROUND

*Original Complaint*

This is a civil rights action (with a supplemental state law tortious interference with contract claim) by an employee of a contractor servicing WVES property alleging deprivation of property interest without substantial due process of law, denial of equal protection of the laws, and deprivation of plaintiff's First Amendment rights (Docket No. 1, Compl. ¶¶ 2, 25, 31-64). West Valley Environmental Services contracted with the United States Department of Energy to clean the West Valley Demonstration Project, removing radioactive waste (id. ¶¶ 18, 13-14, 15). Plaintiff contracted with The Krog Corporation to provide snow plowing and other services on properties The Krog Corporation owned, including a facility leased to WVES called the Ashford Office Complex (or "AOC") and had performed these services since 1991 (id. ¶¶ 25, 22-24, 26). The AOC contained WVES's offices (id. ¶ 19).

In mid-December 2007, plaintiff was on AOC premises to test pavement and weather conditions before beginning snow plowing when a Cattaraugus County Sheriff's patrol car pulled into the AOC parking lot (id. ¶¶ 31-33). Plaintiff contends that defendant Cattaraugus County Sheriff's Department sergeant Bryan Schwabenbauer ordered plaintiff to step away from his vehicle (id. ¶ 35). According to plaintiff, he repeatedly identified himself as the snowplow contractor but Schwabenbauer ordered plaintiff to shut up, pushed plaintiff onto the sheriff's patrol car and ordered him to place his hands on the patrol car, kicked his legs apart and conducted a pat down search of plaintiff (id. ¶¶ 37-38). Plaintiff claims that Schwabenbauer demanded to know what plaintiff was doing at the AOC and then proceeded to search plaintiff's vehicle (see id. ¶¶ 39, 41). Plaintiff reported this incident to Cattaraugus County Sheriff's

Captain Robert Buchardt and defendant deputy Richard Love but declined to file a formal complaint (id. ¶¶ 42). Love also was employed by WVES for security (id. ¶ 8).

Almost two years later, on December 9, 2009, plaintiff appeared for work at the AOC when, at approximately 6 am, plaintiff saw a blue flash near an electrical transformer, followed by falling power lines and fires; plaintiff immediately reported this to WVES security (id. ¶¶ 44-45). Plaintiff entered the non-secured front vestibule of the AOC and went no further into secured areas (id. ¶¶ 46, 52). Emergency responders arrived, including defendant Schwabenbauer. Schwabenbauer, when he saw plaintiff on AOC premises, told him (in a profane manner) to leave. (Id. ¶¶ 48, 49.) Plaintiff drove to the south end of the parking lot (id. ¶ 50). Schwabenbauer and Dawn Samborski[5], an agent, employee or contractor of WVES, falsely reported that plaintiff entered secured area of AOC (id. ¶ 53). Plaintiff claims that defendants WVES, Pritchard, Schwabenbauer, and Love invoked federal law (provisions of the Atomic Energy Act) to ban plaintiff from entering the AOC, claiming that he was trespassing (id. ¶¶ 54-56), and to which plaintiff denied trespassing (id. ¶ 57). On December 16, 2009, Love and Pritchard declared to The Krog Corporation that plaintiff would no longer be given access to the AOC, despite the fact that they allegedly knew that plaintiff had not trespassed (id. ¶ 58). Pritchard falsely reported to The Krog Corporation that plaintiff had trespassed (id. ¶ 60). When The Krog Corporation responded that the surveillance security system indicated that plaintiff had not trespassed, Pritchard stated that the electrical outage disabled the system so as to preclude that finding (id. ¶ 61; see id. ¶ 59). Plaintiff points to other eyewitnesses and concludes that the

---

[5]Ms. Samborski has not made an appearance in this action. The certificates of service for these Answers do not indicate that Ms. Samborski was served with these papers, cf. Docket Nos. 2-4.

trespass claim was false and that WVES maliciously concluded to the contrary and suppressed or ignored contrary evidence (id. ¶¶ 62-65).

In the first claim of the original Complaint, plaintiff alleges that Schwabenbauer deprived him of his Fourth Amendment rights in conducting an illegal search and seizure of his person and vehicle in December 2007 (id. ¶ 65). The Cattaraugus County defendants allegedly were deliberately indifferent in failing to train Schwabenbauer (id. ¶ 66). Next, in his second claim plaintiff alleges that he was deprived property, his employment with The Krog Corporation, his contract for property maintenance and his liberty interest in his good name, without due process, in violation of the Fifth and Fourteenth Amendments (id. ¶¶ 68-73). He claims in the third claim that defendants retaliated against him for complaining of Schwabenbauer's illegal conduct in 2007, in violation of his First Amendment rights (id. ¶¶ 75-79). He also alleges, in the fourth claim, that this vindictiveness deprived plaintiff of equal protection of laws, in violation of the Fourteenth Amendment (id. ¶¶ 81-84). Finally, plaintiff alleges in the fifth claim, that Pritchard, WVES, Samborksi, Schwabenbauer, and Love tortuously interfered with plaintiff's contractual rights, in violation of New York common law (id. ¶ 86).

The Cattaraugus County Sheriff's Office, deputy Love, and sergeant Schwabenbauer separately answered the Complaint with identical Answers (Docket Nos. 2, 3, 4), also asserting an affirmative defense and crossclaim alleging the negligence of the WVES defendants and Samborski that, if plaintiff recovers from the County defendants, the WVES defendants and Samborski should indemnify the County defendants (e.g., Docket No. 3, Love Ans. ¶ 100).

Before a Scheduling Conference could be set, the WVES defendants filed their motion to dismiss (Docket No. 10), on April 30, 2010.

*Plaintiff's Amended Complaint*

Plaintiff filed his Amended Complaint (Docket No. 20), arguing that he was amending as of right under Rule 15(a)(1)(A) since WVES and Pritchard had not filed responsive pleadings (Docket No. 19, Pl. Atty. Affirm. ¶¶ 2-4). The First Amended Complaint amends the second claim and asserts that defendants Love, Schwabenbauer, and the Sheriff's Office acted under the color of state law and that WVES had a special relationship with the Sheriff's Office wherein that department rendered security services to WVES (Docket No. 20, Am. Compl. ¶¶ 73-75). Plaintiff concludes that Schwabenbauer and Love acted in concert with the WVES defendants and their acting in concert was done under color of state law (id. ¶ 76) to make all defendants liable under 42 U.S.C. § 1983. Plaintiff specifies that he is seeking relief from the WVES defendants in his amended third and fourth claims (id. ¶¶ 82, 88). The ad damnum clause is also amended to remove the declaratory judgment relief that sought to set forth the rights of the parties (see Docket No. 19, Pl. Memo. at first unnumbered page; compare Docket No. 1, Compl. at 13 with Docket No. 20, Am. Compl. at 14), presumably including the non-party The Krog Corporation.

The County defendants answered this filed Amended Complaint (Docket No. 28), reasserting the crossclaim against the WVES defendants and Samborski (id. ¶ 104) but again not serving Ms. Samborski (cf. id. Cert. of Serv.).

Plaintiff, recognizing the recent amendment to Federal Rule of Civil Procedure 15, discussed below, next moved for an extension of time to reply to the then-pending motions, indicating his intention to move for leave to amend the Complaint (Docket No. 29, Pl. Atty. Affirm. ¶¶ 2-5), and this extension was granted (Docket No. 30). In his motion for leave to

amend the Complaint (Docket No. 31), plaintiff reasserts the First Amended Complaint discussed above (id.) and reaffirmed the arguments for the amendment (as well as opposing defense motions to dismiss the original Complaint and to strike the filed amendment) (id., Pl. Atty. Affirm. of July 16, 2010). First, plaintiff argues that, by amending the Complaint, defense motions to dismiss the initial Complaint become moot (id. ¶¶ 3-4) and refers to his earlier memorandum regarding defense opposition for leave to be granted (id. ¶ 5, see also discussion below). He also noted that his filing of the Amended Complaint as of right had to have been filed by June 17, 2010, but he filed it the next day; he thus sought additional time to respond and to file a motion for leave to amend the Complaint (Docket No. 29, Pl. Atty. Affirm. ¶¶ 4-7), which was granted (Docket No. 30) and plaintiff filed his motion for leave to amend (Docket No. 31).

Plaintiff contends that this amendment is not futile and saves plaintiff's claims (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 3-5) and he denies that there is any prejudice to defendants asserted in opposing leave to amend and that the other bases for rejecting leave (undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies) are not present (id. at 2-3). He contends that the WVES defendants acted in concert with state actors, the Cattaraugus County Sheriff's Department, including a contract between the Sheriff's Department and the United States Department of Energy to provide law enforcement services to WVES (id. at 4; Docket No. 31, Pl. Motion, Ex. A (Memorandum of Understanding)). By acting in concert with state actors, plaintiff concludes that WVES defendants could be held liable under § 1983 as state actors (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 4-5). As for the necessary party issue, plaintiff's proposed amendment removes declaratory relief from the ad damnum

clause, removing the necessity of including The Krog Corporation in this case (id. at 5);

furthermore, the cure for non-joinder is adding that party and not dismissal of the action (id. at 6,

citing 4 Moore's Federal Practice–Civil §§ 19.04[4][a] (under Rule 19(a)(2), court must order

joinder of non-joined necessary party), 21.04[1] (2010)); see also 2 Moore's Federal

Practice–Civil § 12.35 (2010) (rather than dismiss action, court will allow necessary party to be

joined; if that indispensable party cannot be joined, then dismissal is proper).

*WVES Defendants' Motion to Strike*

After plaintiff filed his Amended Complaint (Docket No. 20), the WVES defendants

moved to strike that pleading (Docket No. 21). First, they argue that the amendment is untimely,

since it was filed almost two months after defendants filed their motions to dismiss (Docket

No. 22, WVES Defs. Atty. Aff. ¶ 3; Docket No. 24, WVES Memo. at 1, 3). Second, they

contend that the amendment does not cure the defects in the initial pleading to save it (Docket

No. 24, WVES Memo. at 1, 4-8). They charge that the Amended Complaint does not allege any

conduct by WVES or Pritchard which denied plaintiff a constitutionally protected right or

establish a nexus between them and the Sheriff's Office to support a conspiracy allegation (id.

at 1).

*WVES Defendants' Motions to Dismiss*

Meanwhile, the WVES defendants had moved to dismiss so much of the original

Complaint against them, pursuant to Rule 12(b)(6) (failure to state a claim) and (b)(7) (failure to

join party) (Docket No. 10). They contend that the Complaint fails to allege that they were acting

under color of state law; in fact, the original Complaint alleges that they were acting under color

of federal law (Docket No. 13, WVES Defs. Memo. at 5; see Docket No. 1, Compl. ¶ 54).

The WVES defendants deny that plaintiff has asserted a <u>Bivens</u>[6] claim against them in the

second (deprivation of property without due process), third (First Amendment retaliation), or

fourth (equal protection) claims since plaintiff has state law remedies available to him against the

WVES defendants (Docket No. 13, WVES Defs. Memo. at 6-8, 6), <u>see</u> <u>Correctional Servs. Corp.</u>

<u>v. Malesko</u>, 534 U.S. 61, 69 (2001).  Alternatively, they argue that these claims should fail since

an indispensable party, The Krog Corporation, was not joined under Rule 19 (<u>id.</u> at 8-9; <u>see also</u>

Docket No. 16, County Defs. Atty. Affirm. ¶¶ 3-5).  The WVES defendants also deny co-

defendants' indemnification and contribution claims against them under these causes of action

(Docket No. 13, WVES Defs. Memo. at 9-10[7]).

If the above federal claims are dismissed, the WVES defendants conclude that this Court

should not exercise supplemental jurisdiction over the remaining fifth state law claim (and

codefendants' crossclaims) (<u>id.</u> at 10-11; <u>see</u> Docket No. 34, WVES Defs. Atty. Aff. ¶ 5).  They

reiterate this in their separate, later motion to dismiss the crossclaims (Docket No. 33; <u>see</u> Docket

No. 34, WVES Defs. Atty. Aff. ¶ 6).

Plaintiff contends that his amendment to the Complaint (Docket No. 20) eliminates the

claim that the WVES defendants contend requires joinder (Docket No. 19, Pl. Memo. at first to

second unnumbered pages; Docket No. 31, Pl. Memo. at first to second unnumbered pages).

Plaintiff argues that "there is not fathomable basis that would suggest that Plaintiff would now or

---

[6]<u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

[7]The Cattaraugus County defendants concede that if plaintiff's claims are dismissed, their crossclaims for indemnification and contribution also would be dismissed, Docket No. 16, County Defs. Atty. Affirm. ¶ 6.  In their latest motion to dismiss, the WVES defendants repeat this concession as grounds for dismissal of the crossclaims, Docket No. 34, WVES Defs. Atty. Aff. ¶ 6.

ever in the future seek to attain any judicial relief against the Krog Corporation" (Docket No. 19, Pl. Memo. at first to second unnumbered pages; see also Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6). Plaintiff later argues that he hopes to regain access to the exterior of AOC to resume his contractual services for The Krog Corporation and it would be "highly destructive to Plaintiff's interest to be compelled to sue the party with whom he has contracted and wishes to contract" (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6). In addition, the Amended Complaint asserts that the Sheriff's Office and County Defendants acted under color of state law and, by extension through acting in concert with the WVES defendants, a § 1983 claim has been stated against the WVES defendants, rendering the WVES defendants' motion academic (id. at second unnumbered page).

The WVES defendants respond that this amendment would be futile because plaintiff's alleged conspiracy claims (to extend state action liability to otherwise private actors) should fail on plaintiff's conclusory allegations of a conspiracy between the WVES defendants and the Sheriff's department employees (Docket No. 37, WVES Defs. Memo. at 5-10). If plaintiff's proposed amendment does not address the defects noted in the original motion to dismiss, the WVES defendants argue that this Court may consider their motion to dismiss addressing the amended pleading (id. at 4). They reiterate their argument that a necessary party, The Krog Corporation, has not been named and therefore this action should be dismissed (id. at 10).

*Cattaraugus County Sheriff's Department's Motion*

The County defendants join the WVES defendants' motion to dismiss the second, third, and fourth claims for failure to join a necessary party (Docket No. 17, County Defs. Memo. at 3-4) and incorporated the assertions in the WVES defendants' papers (Docket No. 16, County

Defs. Atty. Affirm. ¶ 3; <u>see also</u> Docket No. 27, County Defs. Atty. Reply Affirm. ¶¶ 2, 4). The County defendants do not seek dismissal of the first claim (illegal search and seizure) not addressed in the WVES defendants' motion. The County defendants did not respond to plaintiff's motion for leave to amend, or to the WVES defendants' latest motion to dismiss the County defendants' crossclaims.

## DISCUSSION

I.     Applicable Standards

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971); <u>United States v. Erie County</u>, No. 09CV849, 2010 U.S. Dist. LEXIS 68498, at *38 (W.D.N.Y. July 9, 2010) (Skrenty, Ch. J.). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" <u>Foman</u>, <u>supra</u>, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

As plaintiff notes (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 2-3), with defense challenging the sufficiency of the proposed Amended Complaint, the principles under Rule 12(b)(6), as recently construed by the United States Supreme Court in <u>Bell Atlantic v.</u>

Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1945 (2009), come into play. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss an Answer unless it appears "beyond doubt that the [defendant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007), similarly this standard applies to Answers and to counterclaims asserted therein. To survive a motion to dismiss, the factual allegations in the Answer "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 129 S.Ct. at 1949 (citations omitted). As plaintiff notes (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 2), "the claim must be plausible, not merely conceivable," U.S. v. Erie County, supra, 2010 U.S. Dist. LEXIS 68498, at 24.

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Answer, see Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985); U.S. v. Erie County, supra, 2010 U.S. Dist. LEXIS 68498, at *23. However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

As for dismissal under Rule 12(b)(7) for failure to join an indispensable party, the movant has the burden of showing that the absent party should be joined under Rule 19 and such a dismissal does not operate as an adjudication of the merits, 2 Moore's Federal Practice–Civil § 12.35 (2010).

At issue here, initially, is whether the filed Amended Complaint (Docket No. 20) was timely under the amended version of Rule 15(a), since this was the basis for WVES defendants' motion to strike. Federal Rule of Civil Procedure 15(a)(1)(B) (effective Dec. 1, 2009) allows a plaintiff to amend a Complaint as a matter of course "within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), <u>whichever is earlier</u>," <u>id.</u> (emphasis added) (<u>see</u> Docket No. 24, WVES Memo. at 3); <u>see</u> <u>Express Cos., Inc. v. Lifeguard Med. Solutions, LLC</u>, No. 10CV78, 2010 U.S. Dist. LEXIS 64104, at *3 (S.D. Cal. June 24, 2010). The Advisory Committee noted for this amendment that

> "this provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."

Fed. R. Civ. P. 15 advisory committee's note (2009).

The WVES defendants have moved to strike the filed Amended Complaint (Docket No. 21). Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and the Court may act on its own or on a motion made within 21 days of being served with the pleading, Fed. R. Civ. P. 12(f). The motion to strike is disfavored and is not to be granted routinely, <u>see</u> <u>S.E.C. v. Lorin</u>, 869 F. Supp. 1117, 1120 (S.D.N.Y. 1994), but is within the discretion of the Court, <u>Hoffman Motors Corp. v. Alfa Romeo S.p.A.</u>, 244 F. Supp. 70, 81 (S.D.N.Y. 1965), and the function of such a motion is to clean up pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters, <u>NN&R, Inc. v. One Beacon Ins. Group</u>, 362 F. Supp. 2d 514, 525 (D.N.J. 2005). If granted at all, the complaint to be stricken should be pruned with care, <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 894 (2d Cir. 1976). To succeed, the movant must show that it is prejudiced by the inclusion of the offending pleading, <u>Lorin</u>, <u>supra</u>, 869 F. Supp. at 1120.

II.     The Amended Complaint

    A.     Motion to Strike the Filed First Amended Complaint

    The Court first considers (in this order) the WVES defendants' motion (Docket No. 21)

to strike the Amended Complaint (Docket No. 20) and plaintiff's motion for leave to amend the

Complaint (Docket No. 31) because, if leave to amend is granted or the motion to strike fails, the

Amended Complaint supercedes the original pleading the subject of the pending dismissal

motions, see Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., supra, 2010 U.S. Dist.

LEXIS 64104, and renders moot those pending motions to dismiss (Docket No. 31, Pl. Atty.

Affirm. of July 16, 2010, ¶ 4), see, e.g., Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341,

2010 U.S. Dist. LEXIS 12358, at *2 (E.D. Cal. 2010); Banks v. Realty Mgmt. Serv., Inc.,

No. 1:10CV14, 2010 U.S. Dist. LEXIS 7501, at *4-5 (E.D. Va. Jan. 29, 2010).  Also plaintiff

seeks leave to file the same Amended Complaint he tried to file as of right (compare Docket

No. 20 with Docket No. 31); if defendants' motion to strike is denied, then plaintiff's motion for

leave to amend becomes academic.

    Upon its filing, this Court initially indicated that the Amended Complaint should be

stricken since there it was filed without a motion for leave to amend (see 1st text docket entry,

June 21, 2010), cf. Fed. R. Civ. P. 15(a)(2), without recognizing that plaintiff was filing the

amendment as of matter or course, see Dominion Health Care Servs. v. Value Options,

No. 1:08CV134, 2009 U.S. Dist. LEXIS 17719, at *5 (M.D.N.C., Mar. 5, 2009) (if action

involves more than one defendant, plaintiff may amend complaint once as matter of course for

those defendants who have not yet filed a responsive pleading); Scott-Blanton v. Universal City

Studios Prods., 244 F.R.D. 67, 69 (D.D.C. 2007) (Docket No. 19, Pl. Atty. Affirm. ¶¶ 5, 6); cf.

Fed. R. Civ. P. 15(a)(1). The Clerk of Court then noted that this striking should be disregarded (see 2d text docket entry, June 21, 2010).

The WVES defendants now move to strike the Amended Complaint and argue, first, that the amendment is untimely under Rule 15(a)(1)(B) (Docket No. 21).

Plaintiff initially argued that he has the right to amend as a matter of course because WVES and Pritchard had not yet answered (see Docket No. 19, Pl. Atty. Affirm. ¶ 4). But under the amended Rule 15(a), the service of a Rule 12 motion (while not a pleading) also starts the time for plaintiff to file an amendment, Galustian v. Peter, 591 F.3d 724, 730 n.4 (4th Cir.2010) (while applying earlier version of Rule 15(a) and deeming motion not to be responsive pleading to preclude amended pleadings, court recognizes amendment to rule); Montz v. Pilgrims Films & TV, Inc., No. 08-56954, 2010 U.S. App. LEXIS 11255, at *13 n.1 (9th Cir. June 3, 2010). Under the former version of Rule 15, the timing of an amendment as a matter of course was determined by when (if ever) a responsive pleading was served, cf. Fed. R. Civ. P. 15(a)(1) (effective until Dec. 1, 2009); thus, plaintiff could point to the fact that the WVES defendants had not served an Answer to justify his amendment as a matter of course (citing cases that predate the 2009 amendments to the Federal Rules). But with these 2009 amendments to the Federal Rules of Civil Procedure (primarily to adjust the timing for filing and serving papers), the time when Rule 12 dispositive motions are served also determines whether a plaintiff filed a timely matter of course amendment.

Courts addressing this amended Rule 15 have recognized the change in how to measure when a plaintiff can amend a complaint in the face of pending motions to dismiss. In Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at *1-2 (E.D. Cal.

2010), the defendant there moved to dismiss under Rule 12(b)(6) and (f), on December 7, 2009. Under the current version of Rule 15(a)(1)(B), plaintiff had until December 28, 2009, in order to file an Amended Complaint as a matter of course. The district court then held that plaintiff failed to file an amendment and any amendment to the pleadings after December 28, 2009, would require leave of the Court and would not moot defendant's motion, id, at *2. The court granted defendant's motion to dismiss but granted plaintiff leave to amend, id.

In Rubin v. Kaiser Foundation Health Plan, Inc., No. 10CV407, 2010 U.S. Dist. LEXIS 51108 (S.D. Cal. May 24, 2010), the defendant filed its motion to dismiss under Rule 12(b)(6) on March 15, 2010. Plaintiff did not file opposition but instead filed a notice of non-opposition stating his intention to file an Amended Complaint. Plaintiff filed the amendment on May 10, 2010. The district court found that the last day for an amended pleading as a matter of course was April 5, 2010, deemed plaintiff's Amended Complaint to be untimely and ordered plaintiff to show cause why the pleading should not be stricken. Id. at *1-2. Plaintiff then sought an enlargement of time to amend and the court found that he established good cause and excusable neglect sufficient to grant that enlargement, id. at *4, but the court found that the amendment did not address the issues raised in defendant's motion so the amendment was rejected and plaintiff was granted 21 days to either oppose the motion to dismiss or to amend the Complaint and address the issues raised in the pending motion, id.

In his motion for extension of time to reply to the motions to dismiss (Docket No. 29), plaintiff recognized the change in Rule 15 and argued that the motion to dismiss by the County defendants dated May 27, 2010, was the start of his 21 days in which he could amend the Complaint as a matter of course (id., Pl. Atty. Affirm. ¶¶ 2, 3, 4), which ended on June 17, 2010,

and that his filed amendment of June 18, 2010, was merely one day late (id. ¶ 5).  But the amended Rule 15(a)(1)(B) has this period run from the earlier action by defendants (either filing an Answer or moving to dismiss under Rule 12(b), (e), or (f)).  In summary, the pleadings and dispositive motions were filed as follows:

| Pleading or Motion | Date Filed, Docket Number |
|---|---|
| Complaint | Filed March 12, 2010 (Docket No. 1) |
| Answers by Cattaraugus County Sheriff's Office, Richard Love, Bryan Schwabenbauer ("County defendants") | Filed April 2, 2010 (Docket Nos. 2-4) |
| WVES, Pritchard's ("WVES defendants") Motion to Dismiss | Filed April 30, 2010 (Docket No. 10) |
| County defendants' Motion to Dismiss | Filed May 27, 2010 (Docket No. 16) |
| Amended Complaint | Filed June 18, 2010 (Docket No. 20) |
| County defendants' Answer to Amended Complaint | Filed July 1, 2010 (Docket No. 28) |

Thus, under the amended Rule 15, the earliest defense action after plaintiff filed his original Complaint was service of the Answers by the County defendants on April 2, 2010 (Docket Nos. 2-4).  Plaintiff thus had 21 days from April 2, 2010, or by **April 23**, 2010, to file an Amended Complaint as a matter of course, and not the later date plaintiff now contends.  As a result, any amendment of pleading after that date has to be by leave of the Court, Fed. R. Civ. P. 15(a)(2); Sanchez, supra, 2010 U.S. Dist. LEXIS 12358 at *2.  The motions by the WVES defendants (Docket No. 10, filed April 30, 2010) and the County defendants to dismiss (Docket No. 16, filed May 27, 2010) do not toll or extend plaintiff's time to file an Amended Complaint as a matter of course under the current Rule 15(a)(1)(B).

Plaintiff filed his Amended Complaint on June 18, 2010, and his attempted amendment is **untimely as filed as a matter of course**, not by one day as he claims (Docket No. 29, Pl. Atty. Affirm. ¶ 4), but by almost two months from the April 23, 2010, deadline under amended Rule 15. Plaintiff essentially concedes this by filing his present motion (discussed below) for leave to amend. Therefore, the <u>filed</u> amended pleading (Docket No. 20) **is stricken as to all defendants**, the WVES defendants' motion to strike (Docket No. 21) is **granted**, and the County defendants' Answer to this First Amended Complaint (Docket No. 28) also **is stricken as unnecessary** given the disposition of the filed Amended Complaint.

B. Leave to Amend the Complaint

Plaintiff now moves for leave to amend the Complaint (Docket No. 31), seeking leave to file the same amended pleading he tried file as of right. The issue becomes whether liberal leave to amend should be granted or denied here. Plaintiff reiterates his arguments opposing dismissal of this action and his substantive contentions in support of granting leave to amend the Complaint. The WVES defendants argue that the amendment is futile and (for the same reasons raised with the initial pleading) the amendment fails to join what these defendants believe to be a necessary party, The Krog Corporation. The Court will consider next the failure to join argument.

1. Joinder of The Krog Corporation

The WVES defendants claim that The Krog Corporation is an essential party that plaintiff failed to name, hence the action should be dismissed. The Amended Complaint attempts to address this by deleting language that would have suggested the necessity of naming The Krog Corporation as a defendant. Plaintiff argues that his claim stems from private parties, the WVES

defendants acting in concert with the County defendants to prevent plaintiff from entering the AOC and hence severing plaintiff's contractual relationship with The Krog Corporation. He disclaims any interest against The Krog Corporation and concludes that naming them under the Amended Complaint is unnecessary and dismissal for failing to do so unwarranted. (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6-7.) He discusses Bacquie v. City of New York, No. 99 Civ. 10951, 2000 U.S. Dist. LEXIS 10606, at *3 (S.D.N.Y. July 31, 2000), as an example of private actors (hotel operators) acting in concert with state actors (city police) in having the plaintiffs removed from the premises in violation of their rights to such a degree as to establish a § 1983 cause of action against the private actors. Plaintiff here concludes that the Amended Complaint alleges such action in concert to state a § 1983 claim that is not futile (id. at 4-5, 7-8, discussing McGrath v. Dominican College, 672 F. Supp. 2d 477 (S.D.N.Y. 2009)).

The WVES defendants respond that plaintiff fails to sue the only entity with which he has a contractual relationship, The Krog Corporation, which somehow makes that corporation a necessary party in this action (Docket No. 37, WVES Defs. Memo. at 10).

Rather than dismiss an action for failure to initially name a necessary or indispensable party, courts usually allow for that party to be joined, only dismissing cases where joining that indispensable party is impossible, see 2 Moore's Federal Practice–Civil § 12.35 (2010). Here, the WVES defendants have not shown either that The Krog Corporation is a necessary or indispensable party and it is not clear that (if necessary or indispensable) joinder of The Krog Corporation is impossible. Plaintiff claims constitutional violations and interference with a contractual relationship which may not need to have as a party (as opposed to being a witness) the entity plaintiff contracted with and whose relationship defendants alleged interfered with or

deprived plaintiff of property interest. The WVES defendants' argument is that plaintiff has a claim against The Krog Corporation that needs to be adjudicated in this action or defendants would be prejudiced. That is not the case here. If these defendants have a claim against The Krog Corporation, they could name them in a third-party action or commence a separate action against that corporation. Thus, plaintiff's proposed amendment is **not futile** because it fails to name The Krog Corporation as a party.

              2.       Color of State Law

As amended, the gravamen of plaintiff's § 1983 claims against the WVES defendants is that they acted in concert with state actions to violate his rights. Plaintiff notes that defendant Love wore two hats in this matter, as a Sheriff's Department employee and as security at WVES (id. at 7).

The proposed amendment, however, alleges generally that the WVES defendants acted in concert with the County defendants to deprive plaintiff of his rights (see Docket No. 31, Proposed Am. Compl. ¶¶ 73-77), without showing how these defendants acted in concert. As was previously found by this Court,

> "In order to establish a §1983 conspiracy claim, a plaintiff must demonstrate: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on him; and (2) 'an overt act [was] done in furtherance of that goal causing damages.' Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); see also Walker v. Jastremski, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983"); Headley v. Fisher, 2008 WL 1990771 (S.D.N.Y. 2008)."

Tafari v. Paul, No. 06CV603, Docket No. 52, 2009 WL 3260075, at *5 n.6 (W.D.N.Y. Oct. 8, 2009) (Scott, Mag. J.). This Court then noted that "'[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will

be dismissed,'" id., quoting Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977); citing also, e.g., Allah v. Poole, 506 F. Supp. 2d. 174 (W.D.N.Y. 2007) (conclusory allegations insufficient to maintain of conspiracy of defendants to retaliate against plaintiff). In Tafari, this Court held that plaintiff failed to allege a conspiracy claim because that claim was supported only by plaintiff's conclusory allegations without any evidence of concerted activity by defendants, id.

Here, plaintiff now alleges that defendants had a memorandum of understanding whereby the County defendants (through the Sheriff's department) provided "law enforcement support" for various facilities including the AOC (see Docket No. 31, Proposed Am. Compl. ¶ 75; Docket No. 31, Ex. A). Assuming that the Court can consider this memorandum regarding the motion to amend the Complaint, that document is between the Sheriff's department and the West Valley Demonstration Project, not between any of the individual defendants in this action. The purpose of that memorandum was for the Sheriff's department to "provide timely and effective response to the [West Valley Demonstration Project, or "WVDP"], AOC and the [State-Licensed Disposal Area] to an emergency situation or request for protective services in response to threats, suspected criminal acts, special assistance support, or another incident at WVDP" (id., Ex. A, para. 5). The responsibilities under that memorandum are directed toward the Sheriff's department and provision for coordination during an emergency (id. Ex. A, paras. 7-14). Nothing in this memorandum supports the concerted effort plaintiff now alleges occurred between the WVES defendants and the County defendants. Plaintiff's proposed amendment is futile and leave to file it is **denied**.

III.    Results

With this consideration of plaintiff's Amended Complaint and denying him leave to amend, defendants' motions to dismiss the original Complaint (Docket Nos. 10, 16) and the WVES defendants' motion to dismiss the pending crossclaims (Docket No. 33) remain for disposition and will be considered in a separate Report & Recommendation.

## CONCLUSION

Based upon the above, the motion of defendants West Valley Environmental Services, LLC, and David Pritchard (Docket No. 21) to strike the Amended Complaint (Docket No. 20) is **granted**.  Plaintiff's motion for leave to file an Amended Complaint (Docket No. 31) is **denied**.

In light of this Order, **defendants' pending motions to dismiss the original pleadings against them (Docket Nos. 10, 16, 33)** will be considered in a separate Report & Recommendation.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 24, 2010