```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DAVID F. BROWN,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

            v.

                                            10CV210A

                                            **Report**
                                               **&**
WEST VALLEY ENVIRONMENTAL          **Recommendation**
SERVICES, LLC, et al.,

                Defendants.

_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 8[1]). The instant matter before the Court are three motions to dismiss. First is the motion of defendants West Valley Environmental Services, LLC ("WVES"), and David Pritchard (collectively the "WVES defendants") to dismiss the original Complaint (Docket No. 10[2]). Responses to this motion were due by May 28, 2010, with any replies due June 3,

---

[1] Formerly this action was referred to Magistrate Judge McCarthy, Docket No. 5, before his recusal, Docket No. 7.

[2] In support of their motion, the WVES defendants submit their attorney's affidavit with exhibits, Docket No. 11; the affidavit of John McKibbin, Docket No. 12, describing the activities of West Valley Environmental Services; their memorandum of law, Docket No. 13; their reply memorandum, Docket No. 23, as well as their motion papers to strike the Amended Complaint, Docket Nos. 21-25; their opposition papers to plaintiff's motion for leave to amend the pleading, Docket No. 37; and their motion to dismiss the crossclaim, Docket No. 33.
      In opposition (as discussed in the text), plaintiff submits its memorandum of law, Docket No. 19; and Amended Complaint, Docket No. 20; and his motion for leave to amend the Complaint, Docket No. 31, and supporting papers, see Docket No. 39.

2010, and the motion initially was deemed submitted (without oral argument) on June 3, 2010 (Docket No. 15). Next, on May 27, 2010, defendants Cattaraugus County Sheriff's Office ("Sheriff's Office"), sergeant Bryan Schwabenbauer, and deputy Richard (collectively "County defendants") moved to dismiss that Complaint (Docket No. 16[3]). Responses to both motions were then set for June 18, 2010, with any replies due by June 30, 2010, and both motions then were to be deemed submitted, without oral argument, on June 30, 2010 (Docket No. 18). Finally, on July 26, 2010, the WVES defendants moved to dismiss the County defendants' crossclaims (Docket No. 33[4]).

Plaintiff submitted his response (Docket Nos. 19, 20), including an Amended Complaint (Docket No. 20) to address the concerns raised in WVES defendants' motion (see Docket No. 19, Pl. Memo. at 1-2). He later moved for leave to file this Amended Complaint (Docket No. 31), after the WVES defendants' moved to strike the filed Amended Complaint (Docket No. 21). Responses to this motion were due by July 15, 2010, and all three pending motions were deemed submitted on July 15, 2010 (Docket No. 26). Responses to these motions (as well as the WVES defendants' motion to dismiss the crossclaims) were due by August 11, 2010, and any replies by August 17, 2010; all pending motions were then deemed submitted as of August 17, 2010. This Court then granted the WVES defendants' motion to strike the filed Amended Complaint and

---

[3]In support of this motion, these defendants submitted their memorandum of law, Docket No. 17, and reply affirmation from their attorney, Docket No. 27. In opposition, plaintiff submits his attorney's affirmation, Docket No. 19, the Amended Complaint, Docket No. 20, and his motion for leave to amend, Docket No. 31.

[4]In support of this motion, the WVES defendants submitted their attorney's affidavit, Docket No. 34. The County defendants filed no response to this motion, but plaintiff filed his attorney's affirmation opposing dismissal of the crossclaims, Docket No. 39.

denied plaintiff's motion for leave to amend (Docket No. 40, Order of Aug. 24, 2010). Given that disposition, the Court next considers the motions to dismiss the original Complaint and the crossclaims from the County defendants' Answers.

## BACKGROUND

*Original Complaint*

This is a civil rights action (with a supplemental state law tortious interference with contract claim) by an employee of a contractor servicing WVES property alleging deprivation of property interest without substantial due process of law, denial of equal protection of the laws, and deprivation of plaintiff's First Amendment rights (Docket No. 1, Compl. ¶¶ 2, 25, 31-64). West Valley Environmental Services contracted with the United States Department of Energy to clean the West Valley Demonstration Project, removing radioactive waste (id. ¶¶ 18, 13-14, 15). Plaintiff contracted with The Krog Corporation to provide snow plowing and other services on properties The Krog Corporation owned, including a facility leased to WVES called the Ashford Office Complex (or "AOC") and had performed these services since 1991 (id. ¶¶ 25, 22-24, 26). The AOC contained WVES's offices (id. ¶ 19).

In mid-December 2007, plaintiff was on AOC premises to test pavement and weather conditions before beginning snow plowing when a Cattaraugus County Sheriff's patrol car pulled into the AOC parking lot (id. ¶¶ 31-33). Plaintiff contends that defendant Cattaraugus County Sheriff's Department sergeant Bryan Schwabenbauer ordered plaintiff to step away from his vehicle (id. ¶ 35). According to plaintiff, he repeatedly identified himself as the snowplow contractor but Schwabenbauer ordered plaintiff to shut up, pushed plaintiff onto the sheriff's patrol car and ordered him to place his hands on the patrol car, kicked his legs apart and

3

conducted a pat down search of plaintiff (id. ¶¶ 37-38). Plaintiff claims that Schwabenbauer demanded to know what plaintiff was doing at the AOC and then proceeded to search plaintiff's vehicle (see id. ¶¶ 39, 41). Plaintiff reported this incident to Cattaraugus County Sheriff's Captain Robert Buchardt and defendant deputy Richard Love but declined to file a formal complaint (id. ¶¶ 42). Love also was employed by WVES for security (id. ¶ 8).

Almost two years later, on December 9, 2009, plaintiff appeared for work at the AOC when, at approximately 6 am, plaintiff saw a blue flash near an electrical transformer, followed by falling power lines and fires; plaintiff immediately reported this to WVES security (id. ¶¶ 44-45). Plaintiff entered the non-secured front vestibule of the AOC and went no further into secured areas (id. ¶¶ 46, 52). Emergency responders arrived, including defendant Schwabenbauer. Schwabenbauer, when he saw plaintiff on AOC premises, told him (in a profane manner) to leave. (Id. ¶¶ 48, 49.) Plaintiff drove to the south end of the parking lot (id. ¶ 50). Schwabenbauer and Dawn Samborski[5], an agent, employee or contractor of WVES, falsely reported that plaintiff entered secured area of AOC (id. ¶ 53). Plaintiff claims that defendants WVES, Pritchard, Schwabenbauer, and Love invoked federal law (provisions of the Atomic Energy Act) to ban plaintiff from entering the AOC, claiming that he was trespassing (id. ¶¶ 54-56), and to which plaintiff denied the charge of trespassing (id. ¶ 57). On December 16, 2009, Love and Pritchard declared to The Krog Corporation that plaintiff would no longer be given access to the AOC, despite the fact that they allegedly knew that plaintiff had not trespassed (id. ¶ 58). Pritchard falsely reported to the Krog Corporation that plaintiff had

---

[5]Ms. Samborski has not made an appearance in this action. The certificates of service for these Answers do not indicate that Ms. Samborski was served with these papers, cf. Docket Nos. 2-4.

trespassed (id. ¶ 60). When The Krog Corporation responded that the surveillance security system indicated that plaintiff had not trespassed, Pritchard stated that the electrical outage disabled the system so as to preclude that finding (id. ¶ 61; see id. ¶ 59). Plaintiff points to other eyewitnesses and concludes that the trespass claim was false and that WVES maliciously concluded to the contrary and suppressed or ignored contrary evidence (id. ¶¶ 62-65).

In the first claim of the original Complaint, plaintiff alleges that Schwabenbauer deprived him of his Fourth Amendment rights in conducting an illegal search and seizure of his person and vehicle in December 2007 (id. ¶ 65). The Cattaraugus County defendants allegedly were deliberately indifferent in failing to train Schwabenbauer (id. ¶ 66). Next, in his second claim plaintiff alleges that he was deprived property, his employment with The Krog Corporation, his contract for property maintenance and his liberty interest in his good name, without due process, in violation of the Fifth and Fourteenth Amendments (id. ¶¶ 68-73). He claims in the third claim that defendants retaliated against him for complaining of Schwabenbauer's illegal conduct in 2007, in violation of his First Amendment rights (id. ¶¶ 75-79). He also alleges, in the fourth claim, that this vindictiveness deprived plaintiff of equal protection of laws, in violation of the Fourteenth Amendment (id. ¶¶ 81-84). Finally, plaintiff alleges in the fifth claim, that Pritchard, WVES, Samborksi, Schwabenbauer, and Love tortuously interfered with plaintiff's contractual rights, in violation of New York common law (id. ¶ 86).

The Cattaraugus County Sheriff's Office, deputy Love, and sergeant Schwabenbauer separately answered the Complaint (Docket Nos. 2, 3, 4).

Before a Scheduling Conference could be set, some of the defendants filed their motion to dismiss (Docket No. 10).

*Plaintiff's Amended Complaint*

Plaintiff filed his Amended Complaint (Docket No. 20), arguing that he had amended as of right under Rule 15(a)(1)(A) since WVES and Pritchard had not filed responsive pleadings (Docket No. 19, Pl. Atty. Affirm. ¶¶ 2-4). The First Amended Complaint sought to amend the second claim and asserts that defendants Love, Schwabenbauer, and the Sheriff's Office acted under the color of state law and that WVES had a special relationship with the Sheriff's Office wherein that department rendered security services to WVES (Docket No. 20, Am. Compl. ¶¶ 73-75). Plaintiff concluded that Schwabenbauer and Love acted in concert with the WVES defendants and their acting in concert was done under color of state law (id. ¶ 76) to make defendants liable under 42 U.S.C. § 1983. Plaintiff specified that he sought relief from the WVES defendants in his amended third and fourth claims (id. ¶¶ 82, 88). The ad damnum clause also was amended to remove the relief of declaring the rights of the parties (see Docket No. 19, Pl. Memo. at first unnumbered page; compare Docket No. 1, Compl. at 13 with Docket No. 20, Am. Compl. at 14).

The Cattaraugus County Sheriff's defendants answered this Amended Complaint (Docket No. 28), reasserting their crossclaim against the WVES defendants and Samborski (id. ¶ 104).

After plaintiff filed his Amended Complaint (Docket No. 20), the WVES defendants moved to strike that pleading (Docket No. 21). Plaintiff, recognizing an amendment to Federal Rule of Civil Procedure 15 changing the event that establishes the period of time for amendment of a pleading as of right, moved for an extension of time to reply to the then-pending motions, indicating his intention to move for leave to amend the Complaint (Docket No. 29), and this extension was granted (Docket No. 30). Plaintiff then moved for leave to file the same proposed

6

Amended Complaint (Docket No. 31). This Court struck the filed Amended Complaint as being untimely and then denied plaintiff's motion for leave to amend holding that the proposed amendment would be futile (Docket No. 40, Order). That Order also struck, as unnecessary, the County defendants' Answer (Docket No. 28) to that Amended Complaint (Docket No. 40, Order at 19).

*WVES Defendants' Motion to Dismiss*

The WVES defendants first moved to dismiss parts of the original Complaint against them, pursuant to Rule 12(b)(6) (failure to state a claim) and (b)(7) (failure to join party) (Docket No. 10). They contend that the Complaint fails to allege that they were acting under color of state law; in fact, the original Complaint alleges that they were acting under color of federal law (Docket No. 13, WVES Defs. Memo. at 5; see Docket No. 1, Compl. ¶ 54).

The WVES defendants deny that plaintiff has asserted a Bivens[6] claim against them in the second (deprivation of property without due process), third (First Amendment retaliation), or fourth (equal protection) claims since plaintiff has state law remedies available to him against the WVES defendants (Docket No. 13, WVES Defs. Memo. at 6-8, 6), see Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 69 (2001). Alternatively, they argue that these claims should fail since an indispensable party, The Krog Corporation, was not joined (id. at 8-9; see also Docket No. 16, County Defs. Atty. Affirm. ¶¶ 3-5). The WVES defendants also deny co-defendants' indemnification and contribution claims against them under these causes of action (Docket No. 13, WVES Defs. Memo. at 9-10), reiterating that contention in their later motion to dismiss the crossclaim (Docket No. 33).

---

[6]Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

7

If the above federal claims are dismissed, the WVES defendants conclude that this Court should not exercise supplemental jurisdiction over the remaining fifth claim (and codefendants' crossclaim) (id. at 10-11).

Plaintiff contends that his amendment to the Complaint (Docket No. 20) eliminates the claim that the WVES defendants contend requires joinder (Docket No. 19, Pl. Memo. at first to second unnumbered pages). Plaintiff argues that "there is no fathomable basis that would suggest that Plaintiff would now or ever in the future seek to attain any judicial relief against the Krog Corporation" (id.). In addition, the Amended Complaint asserts that the Sheriff's Office and County Defendants acted under color of state law and, by extension through acting in concert with the WVES defendants, a § 1983 claim has been stated against the WVES defendants, rendering the WVES defendants' motion academic (id. at second unnumbered page).

*Cattaraugus County Sheriff's Department's Motion*

The County defendants join the WVES defendants' motion to dismiss the second, third, and fourth claims for failure to join a necessary party (Docket No. 17, County Defs. Memo. at 3-4) and incorporated the assertions in the WVES defendants' papers (Docket No. 16, County Defs. Atty. Affirm. ¶ 3; see also Docket No. 27, County Defs. Atty. Reply Affirm. ¶¶ 2, 4). They argue that plaintiff's rights under his contract with The Krog Corporation cannot be determined without that corporation as a party (Docket No. 16, County Defs. Atty. Affirm. ¶ 5). The County defendants do not seek dismissal of the first claim (illegal search and seizure) not addressed in the WVES defendants' motion or the fifth claim.

# DISCUSSION

I.      Applicable Standards–Motion to Dismiss

Defendants have moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 129 S.Ct. at 1949 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

This Court, in striking the filed Amended Complaint and denying leave to file an amendment (Docket No. 40), noted that defense motions to dismiss the original pleadings remain following the disposition of the proposed Amended Complaint (id. at 22-23). The motions to dismiss the original pleadings are not rendered moot by amendment of pleadings, cf. Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., Inc. v. Lifeguard Med. Solutions, LLC, No. 10CV78, 2010 U.S. Dist. LEXIS 64104 (S.D. Cal. June 24, 2010); Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at *2 (E.D. Cal. 2010); Banks v. Realty Mgmt. Serv., Inc., No. 1:10CV14, 2010 U.S. Dist. LEXIS 7501, at *4-5 (E.D. Va. Jan. 29, 2010).

II.     Motions to Dismiss

Next, focusing on the original Complaint and defendants' motions to dismiss, the defendants argue that a necessary party, The Krog Corporation, was not named in this action requiring dismissal and that elements for a federal civil rights claim were not alleged by plaintiff.

A.      The Krog Corporation as a Necessary Party

This Court found, in the Order on granting leave to amend, that such an amendment was not deemed futile because it failed to name The Krog Corporation as a party in this action (Docket No. 40, Order at 20-21). Even if The Krog Corporation is deemed to be a necessary party (a proposition this Court did not accept in denying plaintiff leave to amend where he failed to name that corporation, see id. at 19-20), the usual response for failure to name them is not dismissal of the entire action but to allow for that party to be joined, only dismissing cases where joining that indispensable party is impossible, see 2 Moore's Federal Practice–Civil § 12.35 (2010). Here, moving defendants have not shown either that The Krog Corporation is a necessary or indispensable party and it remains unclear (see id. at 20) that joinder of The Krog Corporation is impossible to require dismissal of this action on this ground. As stated in the previous Order (id. at 20-21), The Krog Corporation becomes a necessary party if plaintiff's relief depends upon the corporation being in this case. Plaintiff's claims that others, the WVES defendants and the County defendants, interfered with his relationship with The Krog Corporation. Contrary to the County defendants' argument (cf. Docket No. 16, County Defs. Atty. Affirm. ¶ 5; see also Docket No. 13, WVES Defs. Memo. at 8-10), The Krog Corporation is not necessary to be a party for plaintiff to assert those claims. The WVES defendants also contend that plaintiff seeks an adjudication of the rights of the parties, hence they concluded that

The Krog Corporation is a necessary party for that adjudication (Docket No. 13, WVES Defs. Memo. at 9). But the rights of which plaintiff seeks adjudication in this case are whether defendants interfered with his contract with The Krog Corporation, not what the terms of his contract with that corporation were. The latter is a discovery question (for example, by plaintiff producing his contract with The Krog Corporation[7] or by serving a subpoena upon that corporation) and ultimately an item of proof plaintiff would have to establish to prevail. For plaintiff's purposes, The Krog Corporation is at most a witness (stating whether or not defendants' actions affected its decision making regarding continuing to use plaintiff) and does not need to be a party in this action.

Therefore, on this basis, defendants motions to dismiss should be **denied**.

B.      WVES Defendants Acting Under Color of State Law and Acting in Concert

The WVES defendants next argue that the Complaint fails to allege that they acted under color of state law (Docket No. 13, WVES Defs. Memo. at 5); the County defendants (clearly state actors) did not raise this argument. Plaintiff sought leave to amend the Complaint to expressly assert that the WVES defendants were state actors by acting in concert with the County defendants. The Order denying leave to file the Amended Complaint found that this proposed amendment–the only basis for state action against these defendants–was futile (Docket No. 40, Order at 21-22).

"In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under the color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution

---

[7]Cf. Fed. R. Civ. P. 26(a)(1)(A)(ii).

or laws of the United States." Creech v. Schoellkopf, No. 05CV6017, Docket No. 22, 2010 WL 276238, at *4 (W.D.N.Y. Jan. 20, 2010) (Siragusa, J.) (citing Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993)) (Docket No.13, WVES Defs. Memo. at 5). Absent a state actor allegation, as conceded by plaintiff in seeking to amend the Complaint to address this deficiency, the WVES defendants' motion to dismiss the original Complaint on this ground should be **granted**.

        C.        Available State Law Remedies

Assuming that plaintiff here is attempting to assert a Bivens claim, the WVES defendants argue alternatively that plaintiff had state law remedies that he failed to pursue, thus depriving him of a Bivens action (Docket No. 13, WVES Defs. Memo. at 6). They conclude that there is no Bivens action against them because they acted under the color of federal law and plaintiff has alternative state law remedies available against these defendants, Correctional Services Corp. v. Malesko, 534 U.S. 61, 69 (2001) (id.).

In Bivens, supra, 403 U.S. 388, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights," Correctional Servs., supra, 534 U.S. at 66. A plaintiff needs to allege that a defendant "acted under color of federal law to deprive plaintiff of a constitutional right," Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam) (action against federal officials for false arrest and false imprisonment). The Court in Correctional Services, refused to recognize a similar right of action against a private entity allegedly depriving a claimant of his rights while acting under the color of federal law, reasoning that the purpose of Bivens is to deter federal officials from committing constitutional violations, 534 U.S. at 71, 70. That deterrence

13

was found to be lacking when a private entity is involved, since plaintiff's "collection efforts" will focus on that entity and not upon the individuals who committed the violations, id. at 71. Furthermore, where a plaintiff has other remedies available aside from a federal civil rights action, the Court was reluctant to extend Bivens to recognize new categories of liability, id.

Plaintiff's response (as well as his proposed Amended Complaint) does not address this. He does not claim that he commenced a Bivens action at all; rather, his civil rights claim was based upon private parties acting in concert with state actors. This Court denied plaintiff leave to amend the Complaint to assert this acting in concert claim (Docket No. 40, Order at 21-22). Therefore, plaintiff also fails to allege a Bivens claim here because the defendants are private parties beyond the scope of that cause of action, see Correctional Servs., supra, 534 U.S. at 71, and he has alternative remedies available (such as a state court action, cf. Docket No. 1, Compl., 5th Claim; Docket No. 13, WVES Defs. Memo. at 6) such that if this federal action were dismissed he would still have avenues for redress. The WVES defendants' motion to dismiss on this ground should be **granted**.

D.     Dismissal of the County Defendants' Crossclaim

The WVES defendants move in two documents to dismiss the indemnification and contribution crossclaim by the County defendants under the second, third, and fourth claims (see Docket No. 13, WVES Defs. Memo. at 9-10; Docket Nos. 33, 34). The County defendants concede that if plaintiff's second, third, and fourth claims are dismissed, their crossclaims for indemnification and contribution also would be dismissed, leaving indemnification and contribution claims under the fifth claim (Docket No. 16, County Defs. Atty. Affirm. ¶ 6). Plaintiff (although he fails to state where he has standing to respond to this motion) opposes the

WVES defendants' motion, since their motion rests upon the arguments for dismissing the claims in the Complaint (Docket No. 39, Pl. Atty. Affirm. ¶¶ 1-2).

Given the County defendants' concession and the recommendation herein that plaintiff's underlying second, third, and fourth claims be dismissed as to the WVES defendants, the County defendants' claims for indemnification and contribution for those claims only should be **granted**.

E. Supplemental Jurisdiction

Plaintiff's fifth claim asserts state common law tortious interference with his contract with The Krog Corporation (Docket No. 1, Compl. ¶¶ 85-86). The WVES defendants request that this Court decline to exercise supplemental jurisdiction against them over this claim (Docket No. 13, WVES Defs. Memo. at 10-11).

Title 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over state law claims, provided that the Court has original jurisdiction over the case (that is, at least one federal claim remains pending). When all original jurisdiction claims are dismissed, the Court may decline to exercise supplemental jurisdiction. Id. § 1367(c)(3); see, e.g., Baines v. Masiello, 288 F. Supp. 2d 376, 395 (W.D.N.Y. 2003) (Curtin, J.); Borden v. Blue Cross & Blue Shield, 418 F. Supp. 2d 266, 274 (W.D.N.Y. 2006) (Skrenty, J.) (where all federal claims have been eliminated, Second Circuit advises to dismiss supplemental claims, citing cases). While the Court may relinquish supplemental jurisdiction it is not required to do so, see Valencia v. Sung M. Lee, 316 F.3d 299, 305 (2d Cir. 2003) ("In providing that a district court 'may' decline to exercise such jurisdiction, this subsection [§ 1367(c)] is permissive rather than mandatory").

"Subsection (c)(3) requires that all claims over which it has original jurisdiction must have been dismissed before a district court may rely on that provision as a basis for dismissing

the supplemental claims. This refers to all claims in the case, not just those claims asserted against a particular defendant. If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present," Martin H. Redish, 16 Moore's Federal Practice–Civil § 106.66[1] at n.6 (2010) (emphasis in original) (citing cases from the Seventh Circuit, the Northern District of Alabama, the District of Kansas, and the District of the District of Columbia[8] sustaining federal jurisdiction over state law claims where all federal claims were dismissed against a defendant). For example, in Hansen, the district court did not dismiss all federal claims against all defendants, so that court held that its discretion under § 1367(c)(3) "was never triggered," Hansen v. Board of Trustees of Hamilton, 551 F.3d 599, 608 (7th Cir. 2008). The court in Gudenkauf stated that it had "mandatory supplemental jurisdiction over all claims and parties related" to the remaining federal claims, denying dismissal of the supplemental claim against a defendant that otherwise had no federal claim pending against it, Gudenkauf v. Stauffer Communications, Inc., 896 F. Supp. 1082, 1084 (D. Kan. 1995).

Even if all federal claims should be dismissed against the WVES defendants, there remain original federal jurisdiction against the remaining defendants (including yet-to-appear WVES employee Samborski), including the fifth claim under state law, which the County defendants do not challenge. This Court thus **should exercise supplemental jurisdiction** over plaintiff's fifth claim for state common law tortious interference. This state law claim does not

---

[8]Hansen v. Board of Trustees of Hamilton, 551 F.3d 599, 608 (7th Cir. 2008); Prescott v. Independent Life & Accident Ins. Co., 878 F. Supp. 1545, 1552-53 (N.D. Ala. 1995); Gudenkauf v. Stauffer Communications, Inc., 896 F. Supp. 1082, 1084 (D. Kan. 1995); Wiggins v. Phillip Morris, Inc., 853 F. Supp. 458, 469 (D.D.C. 1994).

predominate over the remaining federal claims and arose from same conduct that formed the basis of the federal claims.

III.     Result

If this Report is accepted, this case would not be dismissed in its entirety. This Report recommends dismissal of claims against the appearing WVES defendants only. Plaintiff would still have all five claims against defendants Schwabenbauer, the other County defendants and Samborski, as well as its claims against the WVES defendants in the fifth claim. A Scheduling Conference will be set following disposition of this Report and any objections thereto.

**CONCLUSION**

Based upon the above, it is recommended that defendants West Valley Environmental Services, LLC, and David Pritchard's motion to dismiss the original Complaint as to them (Docket No. 10) be **granted in part (as to failure to allege civil rights claim either under 42 U.S.C. § 1983 or as a <u>Bivens</u> action, dismissing co-defendants crossclaim for indemnification and contribution) and denied in part (as to necessary party contention)**; the motion of defendants Cattaraugus County Sheriff's Department and department employees to dismiss (Docket No. 16) should be **denied**. As for the WVES defendants' motion to not exercise supplemental jurisdiction over plaintiff's state law fifth claim (Docket No. 10), **deny**. Those defendants' separate motion to dismiss the co-defendants' crossclaim (Docket No. 33) also should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 2, 2010